UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL D.,

                              Plaintiff,

        v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

Case No. 3:25-cv-05358-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Disability Insurance Benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 4.

Plaintiff filed a claim for DIB on January 14, 2022, alleging disability beginning July 1, 2019. AR 184, 190. The Social Security Administration denied benefits initially and upon reconsideration. AR 88, 99. On March 5, 2024, an ALJ held a hearing to review the denial. AR 42. On May 3, 2024, the ALJ issued an unfavorable decision finding plaintiff was not disabled. AR 14, 35. The Appeals Counsel denied review and plaintiff appealed to this Court. AR 1; Dkt. 1.

1

Plaintiff argues (1) the ALJ's residual functional capacity ("RFC") failed to fully incorporate Dr. Lauren Robinson's evaluation and (2) the ALJ improperly relied on vocational expert ("VE") testimony, as the jobs identified by the VE conflicted with the reasoning levels of the Dictionary of Occupational Titles ("DOT"). Dkt. 9 at 2, 12. Both of plaintiff's arguments address only the ALJ's decision on symptoms and limitations associated with plaintiff's mental health conditions, not plaintiff's physical limitations. Dkt. 9 at 2, 12.

As discussed below, the ALJ properly determined plaintiff's RFC and did not err when relying on the challenged portion of the VE testimony.  This Court therefore affirms the ALJ's decision.

**DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001).

When gauging substantial evidence, the Court must consider the record as a whole and weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court

2

reviews only the reasons provided by the ALJ and may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.*

**1. Residual Functional Capacity**

Plaintiff first challenges the ALJ's RFC determination. Dkt. 9 at 2. A claimant's RFC is "the most [one] can still do despite [one's] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ determines a claimant's RFC by considering all relevant evidence, including medical evidence and opinions.  20 C.F.R. §§ 404.1545(a)(1)-(4).

An ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015). An ALJ's RFC need not reflect medical testimony verbatim, and instead "adequately captures restrictions . . . where the assessment is consistent with restrictions identified in the medical testimony" and the record.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (noting an ALJ finding a claimant could perform "simple, repetitive, routine tasks adequately captures [the claimant]'s deficiencies in concentration, persistence or pace."). An "RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Here, the ALJ's RFC states plaintiff can "understand, remember, and carry out simple instructions; and he can use judgment to make *simple work-related decisions*. He also can deal with occasional changes in a routine work setting; and can have occasional superficial interaction with co-workers and the public." AR 24 (emphasis added).

Plaintiff argues the ALJ's RFC finding is deficient as the "ALJ found Dr. Robinson persuasive without qualification, but failed to incorporate the entirety of her findings regarding Plaintiff's specific mental limitations without explanation."  Dkt. 9 at 3. "[Al]though the ALJ limited Plaintiff to being able to use judgment to make simple work-related decisions, this restriction[] bears no relationship to whether the tasks are performed by 'rote' or that the variables would be restricted to just a 'few.'"  Dkt. 9 at 5 (quoting AR 64).

Plaintiff refers to Dr. Robinson's finding that plaintiff could work where the "complexity of tasks is learned and performed by *rote with few variables* and little judgment, and required supervision is *simple, direct, and concrete*."  AR 64 (emphasis added).  The ALJ found Dr. Robinson's opinion to be "persuasive."  AR 31.

Plaintiff cites no on-point authority that limitations concerning simple work-related decisions, or a routine work setting, do not incorporate tasks learned and performed by rote with few variables.  Courts in the Ninth Circuit have utilized words such as rote, routine, and simple interchangeably.  *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 984-85 (S.D. Cal. 2005); *Benjamin J. v. Comm'r of Soc. Sec. Admin.*, No. 6:23-cv-01376-CL, 2024 WL 3812258, at *6 (D. Or. Aug. 14, 2024); *Ellen v. Comm'r of Soc. Sec.*, No. 1:16-cv-01196-SAB, 2017 WL 3537133, at *12 (E.D. Cal. Aug. 17, 2017).

The ALJ's finding that plaintiff can "understand, remember, and carry out simple instructions" is also supported by the record.  AR 24.  For example, Dr. Robinson's evaluation also states, "No Evidence of Limitation" for plaintiff's "ability to carry out very short and simple instructions" and that plaintiff was "Not Significantly Limited" in the "ability to carry out detailed instructions."  AR 69.  And, Dr. Gregory Cole's evaluation

concluded plaintiff "did not exhibit any significant problems in the areas of attention and concentration" and "was able to sustain simple tasks, and with no problems completing a simple multi-step task were observed." AR 845.

Plaintiff also alleges the "ALJ repeated the above errors by excluding Dr. Robinson's additional limitation that restricted Plaintiff to supervision that is simple, direct, and concrete." Dkt. 9 at 9 (citing AR 31-32, 64). Plaintiff argues that "[d]espite this unequivocal interaction deficit expressed by Dr. Robinson, the ALJ limited Plaintiff to no supervisor interaction limitations of any kind in error." Dkt. 9 at 9. Plaintiff's argument does not accurately describe the ALJ's RFC or the record.

The RFC provides for both "simple instructions" and "occasional superficial interaction with co-workers . . ."[1] AR 24. Therefore, plaintiff would be limited to simple, direct and concrete interactions with supervisors. These limitations also align with Dr. Robinson's evaluation finding claimant could handle "supervision" that was "simple, direct, and concrete" as he is "Moderately Limited" in his "ability to accept instructions and respond appropriately to criticism from supervisors." AR 64, 69. The ALJ's RFC is thus consistent with, and thus properly translates, Dr. Robinson's medical testimony. *Stubbs-Danielson*, 539 F.3d at 1174; *see also Norris v. Colvin*, 160 F. Supp. 3d 1251, 1266 (E.D. Wash. 2016) (noting the ALJ's finding that claimant only "'have superficial contact with the public'" and "'should work independently and not in coordination with

---

[1] Courts have observed there is a distinction between limitations concerning co-workers and supervisors. *See Melissa R. v. Berryhill*, No. 2:17-cv-07716-AFM, 2018 WL 6507898, at *4 (C.D. Cal. Dec. 11, 2018). But an ALJ need not incorporate such a distinction in the RFC when the record does not support a "separate functional limitation regarding interactions with supervisors and coworkers." *Chanel T. v. Kijakazi*, No. 5:21-cv-00751-SP, 2022 WL 4647256, at *6 (C.D. Cal. Sept. 30, 2022). For example, here Dr. Robinson found plaintiff was "Moderately Limited" for interactions with the public, coworkers, and supervisors, and made no finding of a separate functional limitation. AR 69.

other co-workers'" was sufficiently similar to medical testimony that claimant had a "'real problem getting along with the public and coworkers'").

**2. Vocational Expert Testimony**

Plaintiff next challenges the ALJ's reliance on VE testimony.  Dkt. 9 at 12. An "ALJ can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  To do so, the ALJ poses a hypothetical to the VE which sets out all the claimant's impairments.  *Id*.  The VE then uses the hypothetical to identify jobs the claimant could still perform and whether there are a significant number of these jobs in the national economy. *Id.* If the VE can identify one or more of these jobs, the claimant is not disabled.  *Id.*

If the ALJ's "'hypothetical does not reflect all the claimant's limitations, then the [VE]'s testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)).  Yet, "an ALJ need not use identical wording when describing a claimant's [RFC] and when posing a question to the vocational expert . . . so long as the limitations are not materially altered."  *Leach v. Kijakazi*, 70 F.4th 1251, 1258 (9th Cir. 2023).

The ALJ also has an affirmative duty to ask the VE whether their testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). If a conflict is identified the ALJ must inquire further to obtain a reasonable explanation for the conflict before relying on the VE's testimony.  *Id.*  "For a difference between an

expert's testimony and the Dictionary's listings to be fairly characterized as a conflict, it must be obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

Here, the ALJ asked the VE a hypothetical that tracks the RFC. AR 24, 53-54. The ALJ asked the VE to gauge the work available to someone who, among other limitations, can "carry out simple instructions" and "could have occasional superficial interaction with coworkers and the public." AR 54.

The VE identified three jobs, and the ALJ adopted these, including parking lot attendant, production assembler, and small products assembler I. AR 34, 54. The VE identified all three jobs as requiring reasoning level 2 as defined under the DOT. AR 54. The DOT defines the first two reasoning levels as:

> LEVEL 1[:] Apply commonsense understanding to carry out *simple one- or two-step instructions*. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

> LEVEL 2[:] Apply commonsense understanding to carry out *detailed but uninvolved written or oral instructions*. Deal with problems involving a few concrete variables in or from standardized situations.

*Leach*, 70 F.4th at 1256 (emphasis added) (internal citations omitted).

The ALJ then asked the VE whether his testimony "departed from the DOT?" AR 55. The VE stated it did not, with the sole exception of responding to the ALJ's question on "if someone is off task for more than 20 percent of the workday, could that person sustain work?" AR 55. To that question, the VE answered "[n]o . . . based on what [he] read in professional literature and my experience in talking with employers over 40 years regarding these issues." AR 55.

Plaintiff argues the jobs identified by the VE in response to the ALJ's hypothetical conflict with the DOT's reasoning levels. Dkt. 9 at 13. Plaintiff asserts that, "[w]hile it is

true the ALJ limited Plaintiff to 'simple instructions,' which could conceivably satisfy Reasoning Levels 1 or 2, the fact that [plaintiff] is further restricted to 'superficial' interaction, effectively restricts him to no more than Reasoning Level 1 work."  Dkt. 9 at 13. Plaintiff contends the reference to "detailed" instructions in level 2 "is significant because detailed instructions are consistent with instructions that are lengthy, even if they are simple," and "[s]uperficial interaction is only consistent with communication with others that is short in length, incidental, not thorough or detailed, limited, minimal, narrowly focused, and without substance."  Dkt. 9 at 14.

Plaintiff offers no on-point authority holding occasional superficial interactions are wholly incompatible with simple instructions.  Nor does plaintiff point to direct authority to define "superficial."

This Court has observed the "Social Security Administration does not define superficial" but held the term describes the "nature of such contact."  *Tahni K. v. Comm'r of Soc. Sec.*, No. C23-5761-BAT, 2024 WL 49694, at *2 (W.D. Wash. 2024). In a recent opinion by the U.S. District Court for the Eastern District of Washington, the Court further defined "superficial" by turning to "the dictionary definition, which is 'insignificant or unimportant.'"  *Bertrand W. v. Bisignano*, No. 2:25-cv-12-EFS, 2025 WL 2613259, at *5 (E.D. Wash. 2025) (internal citation omitted) (noting also that a "superficial social interaction is one that is insignificant or unimportant to the work tasks.").

The VE here further defined "occasional superficial contact" with co-workers and supervisors as meaning "it doesn't happen more than a third of the day, which is . . . A little less than three hours."  AR 56.  The VE's definition is consistent with the DOT

which defines "occasional" as an event which occurs up to one-third of the time. *Leach*, 70 F.4th at 1258. The VE elaborated "superficial means that it's yes, hello, how are you, you owe $2.87, here's your change . . . You know, we're not getting friendly and interpersonal."  AR 56.  Stated otherwise, "[w]e're keeping it on a very upfront . . . Like a nod in the hallway."  AR 56.  Thus, beyond training during the "first two or three days" plaintiff would "be left pretty much alone" so long as he worked successfully within the range of the average worker.  AR 55, 57.  On a similar note, Dr. Robinson even listed "assembly work" as an example of a job where "interpersonal contact . . . incidental to the work performed" in line with plaintiff's limitations.  AR 64.

Based on the above, occasional superficial does not cut to the complexity of, or steps required within, day-to-day tasks of a job.  *See Bertrand W*, 2025 WL 2613259, at *5 ("a superficial social interaction is one that is insignificant or unimportant to the work tasks."). Rather, occasional superficial focuses on the nature of plaintiff's interactions with supervisors.  In other words, "occasional superficial" and "simple instructions" are not wholly incompatible as utilized in the present matter.

Plaintiff relies on *Leach v. Kijakazi*, 70 F.4th 1251 (9th Cir. 2023). Dkt. 9 at 15. There, the Ninth Circuit held the "key distinction between those two levels is that level-one jobs require instructions involving at most two steps, whereas level-two jobs may require 'detailed'—that is, potentially longer—instructions." *Leach*, 70 F.4th at 1256. In *Leach*, the ALJ presented a hypothetical to the VE which differed from the original RFC, which the claimant alleged "omitted three aspects of her limitations."  *Id.* at 1254-55. Here in contrast, the ALJ's hypothetical substantively matched the RFC.  AR 24, 53-54; *see also Stiffler v. O'Malley*, 102 F.4th 1102, 1109 (9th Cir. 2024) (rejecting reliance on

*Leach* as "[h]ere, the ALJ did not reformulate the claimant's limitations. Rather, the ALJ in her hypothetical adhered nearly verbatim to the limitations set forth in her RFC determination.").

The Ninth Circuit also indicated its holding in *Leach* was not as rigid as plaintiff now urges, explaining that "a limitation to 'short, simple instructions' does not necessarily restrict a claimant to level-one jobs" as such a limitation could "comprise more than two tasks" such as only "involv[ing] three tasks that are simple to explain." *Leach*, 70 F.4th at 1257. In other words, "some level-two jobs may be consistent with a limitation to short, simple instructions . . ." *Id.*

Plaintiff's argument that the term "occasional superficial" only permits jobs within reasoning level 1 is not borne out in record or the decisions recounted above.  A limitation for occasional superficial interaction with supervisors does not require the jobs identified must be limited to only two-tasks or reasoning level 1.

**CONCLUSION**

For those reasons, this Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.


Dated this 29th day of January, 2026.

_____
Theresa L. Fricke
United States Magistrate Judge